Rockwell D. Colaheei, J.
Defendant is charged with a violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law of the State of New York, speeding. The defendant was apprehended by a radar team at 12:04 p.m. on September 17, 1969 on the eastbound lane of Route 27, in the Town of Brook-haven, Suffolk County, New York, traveling at a speed of 67 miles an hour on the open highway (50 miles an hour, permitted maximum speed) when he passed through the radar zone of influence.
There is no question in the court’s mind that the defendant was indeed traveling at the rate of 67 miles an hour as testified to by the two police officers. The defendant took the witness stand and readily admitted that he was exceeding the speed limit, but did so only to avoid a collision with the rear of an automobile which was rapidly slowing in front of defendant. The defendant testified that he had to accelerate and exceed the speed limit in order to pass around the rapidly slowing car and at that moment he passed through the radar’s zone of influence and was motioned to the side of the road by Officer Adams who was in the police chase automobile located 800' feet east of the radar unit.
*287 The defendant, appearing without an attorney, cross-examined Officer Adams and asked him if he remembered a conversation between defendant and Officer Adams in which defendant protested that he exceeded the speed limit to avoid a collision. Officer Adams could not remember the circumstances surrounding this particular instance as he had issued approximately 20 uniform traffic summonses for speeding at this location <m this date during a three-hour period. Officer Adams also testified that if an emergency situation had occurred, he would not have issued the traffic ticket.
The radar graphic recorder was introduced into evidence, and when the court examined the graph, it conclusively showed that an automobile traveling at 32 miles per hour passed through the same radar zone of influence a split second after defendant passed through it.
The defendant’s defense is l( emergency
Since Officer Adams could not remember the facts and circumstances concerning this slower automobile (which was shown on the graphic recorder), the court will accept the testimony of the defendant to he the fact. It has been held that “ a traffic policeman who issues a large number of summonses for routine violations, the vast majority of which are uncontested, will he hard put to remember the person of an individual operator, especially if there is a contest raised a considerable time after the summons is issued.” (People v. Klepper, 25 N Y 2d 46.) The same reasoning applies to facts concerning the violation. Both officers, in the instant case, kept excellent records as to weather conditions, traffic conditions, physical characteristics of each violator and also type, model, make and color of each vehicle involved.
This ticket, however, is one of many hundreds of tickets issued each month by this officer, and this summons is probably the only one of its kind received by the defendant during the month of September, 1969 (or for many months prior thereto and for many months subsequent thereto). The court can conclude that the events surrounding the issuance of this summons to defendant are still vividly in the defendant’s mind. Hence, the court accepts the testimony of defendant as to the facts of the case.
The court must decide if a defense of “ emergency ” is applicable to the facts herein. Subdivision 2 of section 35.05 of the Penal Law provides for a defense in emergency situations. It provides as follows:
“ Section 35.05 * * * Unless inconsistent with the ensuing provisions of this article defining justifiable use of physical force, or with some other provision of law, conduct which would *288 otherwise constitute an offense is justifiable and not criminal when: * * *
“ 2. Such conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue. The necessity and justifiability of such conduct may not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder. Whenever evidence relating to the defense of justification under this subdivision is offered by the defendant, the court shall rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a defense.”
The court finds that as a matter of law the speed of the defendant was justifiable under the circumstances. The defendant is found not guilty and the information is dismissed.